IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

RYAN RUSSELL,

        Plaintiff,

v.

CHAD HOPPING; and
JOHN DOES 1–10,

        Defendant.

Case No. 26-CV-00009-SEH-MTS

## OPINION AND ORDER

This matter comes before the Court *sua sponte*. Plaintiff Ryan Russell initiated this action on January 5, 2026. [ECF No. 1]. Plaintiff did not pay the applicable filing fees, and he did not file a motion to proceed *in forma pauperis*. Due to Plaintiff's failure, the Court ordered him to either pay the applicable filing fees or file a motion to proceed *in forma pauperis* no later than January 22, 2026. [ECF No. 4]. Plaintiff did not comply with the Court's order, so the Court entered an order for Plaintiff to show cause why this action should not be dismissed. [ECF No. 5]. Plaintiff did not respond to the Court's order to show cause, and he has neither paid the applicable filing fees nor filed a motion to proceed *in forma pauperis*. For the reasons explained below, the Court dismisses this action without prejudice.

The Court may dismiss an action if a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Although Rule 41(b) contemplates dismissal upon a motion, "the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Because this action is dismissed without prejudice, the Court "need not follow 'any particular procedures'" in entering the dismissal order. *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 n. 10 (10th Cir. 2007) (citation omitted).

Plaintiff's failure to pay the filing fees, or to file a motion to proceed in forma pauperis leaves the Court unable "to achieve [an] orderly and expeditious" resolution of this action. *Cf. Link v. Wabash R.R.*, 370 U.S. 626, 629–31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative). And as outlined above, the Court has provided Plaintiff sufficient notice of the possibility of dismissal if he did not comply with the Court's orders. Therefore, considering the Court's responsibility to manage its cases, the Court finds that Plaintiff's failure to comply with the Court's orders, [ECF Nos. 4, 5], justifies dismissal of this action without prejudice.

DATED this 6th day of March, 2026.

_Sara Hill_
Sara E. Hill
UNITED STATES DISTRICT JUDGE